Turrell v. City of Elizabeth.

GEORGE B. TURRELL, PLAINTIFF IN ERROR, v. CITY OF ELIZABETH, DEFENDANT IN ERROR.

1. The admission, by a party to a suit, of the existence of an assessment under the provisions of a municipal charter authorizing such an assessment under certain circumstances and for certain purposes, will render unnecessary proof of the jurisdiction of the municipal corporation to make the assessment, or proof of its regularity.

2. A plaintiff, whose success depends on the admission of evidence offered by defendant and which plaintiff does not except to, and who does not suffer a non-suit, cannot complain that the court has made use of that evidence so far as it was favorable to defendant.

In error.

This action was brought in the Supreme Court by Turrell against the city of Elizabeth, to recover $2727.54, paid by plaintiff to defendant, June 23d, 1875, upon an assessment made on plaintiff's lands December 18th, 1871, for the costs, &c., of paving Grove street, with interest.

The defendant filed the general issue with notice of set-off, and claimed thereby a set-off for $960, as having been imposed upon the same lands for the costs, &c., of the same paving, by a new assessment thereof, made November 19th, 1877.

The action was tried before Judge Van Syckel at the Union Circuit, (a jury being waived,) and the finding of the judge was for plaintiff's whole claim, less the sum of $960, the amount of the new assessment, with interest calculated on the principle laid down in *Jersey City* v. *O'Callaghan*, 12 *Vroom* 349.

The plaintiff took three exceptions to the ruling of the judge, upon which exceptions the cause is brought here by writ of error.

For the plaintiff in error, *T. D. Hodges.*

For the defendant in error, *W. R. Wilson.*

The opinion of the court was delivered by

MAGIE, J. This action is not maintainable unless the assessment on which the plaintiff paid the money he seeks to recover, has been set aside by some competent authority. *Campion* v. *Elizabeth,* 12 *Vroom* 355 ; *Davenport* v. *Elizabeth, Id.* 362 ; *Fuller* v. *Elizabeth,* 13 *Vroom* 427.

When an action is brought for moneys paid on an assessment which has been set aside, the municipal corporation is authorized by the act approved February 27th, 1877, (*Rev., p.* 1355,) in case a re-assessment for the same improvement has been made and ratified, to apply the moneys paid in settlement of the new assessment, and the re-assessment, with interest from its confirmation, is expressly declared to be a lawful set-off in such action against the moneys recoverable thereby.

The validity of this act and its applicability to this case are not brought in question.

The bills of exceptions show that the case was tried on facts "admitted, agreed on and proved." On the part of the plaintiff no evidence was produced, but it was admitted by defendant that the payments alleged in the declaration to have been made by plaintiff on the assessment therein stated, had been, in fact, so made and at the time therein stated. This was manifestly insufficient to maintain plaintiff's case, because there was no proof that the assessment had been in any way annulled or set aside. Defendant was clearly entitled to a non-suit. No motion for non-suit was made, and the case proceeded on the part of defendant.

Thereupon plaintiff admitted that a new assessment had

VOL. XIV. S

been made on the plaintiff's property, which it was also admitted plaintiff owned, both when the original assessment and the re-assessment were made. The defendant then proved the passage of a resolution by the city council on November 19th, 1877, ratifying a re-assessment of the costs, &c., of paving Grove street, and offered the resolution and the certificate of the re-assessment in evidence. This offer was objected to on the part of plaintiff, and the judge reserved his ruling thereon until the decision of the case. The evidence was then closed.

The finding shows that the evidence objected to was admitted by the judge, but no further objection was made thereto, and no exception was sealed upon the objection which had been made. Three exceptions were, however, sealed, all of which were founded upon the notion that there was no such proof of the re-assessment as to justify the judge in allowing the amount of the set-off.

If the re-assessment was sufficiently proved all these objections must fail.

Under the charter and supplements relating to the city of Elizabeth, assessments of this character are required to be made by sworn commissioners, and to be transmitted by them in the form of a report or certificate, to the city council. Upon its ratification by that body, the assessment so made becomes "final and conclusive," (*Charter of Elizabeth, p. 89,* § 108,) and a lien on the lands assessed from the time of ratification. *Charter of Elizabeth, supp.* 1869, *p.* 103, § 6; *Id.,* 1873, *p.* 159, § 7. The city clerk is required to keep the minutes of the city council, (*Charter of Elizabeth, p.* 15, § 27,) and to file all records and papers. *Id., p.* 28, § 41.

The evidence of the re-assessment, then, on the part of defendant, appears to have been the admission of plaintiff that a new assessment for this work had been made by the city, the ratification of an assessment therefor by the city council, by its resolution, proved by the evidence of the city clerk and the certificate of the assessment so ratified. No evidence or admission respecting the certificate appears in the bills of exceptions. Neither the resolution nor the certificate is before

Turrell v. City of Elizabeth.

us. What recitals are contained in them we are not informed of. The contention here is that the "jurisdictional validity" of the assessment must be shown. If so, it must be conceded it could be shown by extrinsic proof. But I think plaintiff was estopped from requiring such proof by his admission respecting the new assessment. That rendered unnecessary any proof of the circumstances giving jurisdiction to make the assessment or of the regularity of the assessment. *Jersey City* v. *Green*, 13 *Vroom* 627. Jurisdiction cannot be conferred by consent, but the admission here was of a result to the production of which jurisdiction was essential. To sustain his set-off, defendant's counsel was only required to prove the amount of the assessment chargeable to plaintiff. If the assessment proved to be ratified was identified as that for the paving of Grove street, and the amount assessed on plaintiff's property there appeared, it was sufficient. Its identity was a question of fact for the court sitting in place of a jury. I think, therefore, this evidence was admissible and sufficient in connection with plaintiff's admission, to prove defendant's set-off.

But if there is any doubt as to the propriety of this result (and the bills of exception are so meagre and involved as to leave some doubt as to the extent of the plaintiff's admission above relied on,) I shall think plaintiff ought not to prevail. His contention in the court below seems to have been that he was entitled to recover his whole claim and that the judge ought to have rejected defendant's set-off for lack of sufficient proof. But at the close of his case, plaintiff was not entitled to any recovery. If he became entitled to recover, it was by reason of the proofs submitted by defendant. His own admission could avail him nothing. There was no proof that the original assessment had been set aside, except that inferred from the making of a new assessment. Such an inference might be drawn, because the city council had power to set aside assessments, by act of March 7th, 1877, (*Rev.*, *p.* 1357,) and to make a new assessment thereafter. *Charter of Elizabeth, supp.* 1870, *p.* 125, § 13. Without

this proof there was nothing to justify a finding in plaintiff's favor. He appears then, in the attitude of relying on this proof for success, and of urging the court to reject it when of advantage to defendant. He cannot, therefore, complain if the court hold him to the very letter of his exceptions.

The first exception is to the refusal of the judge to rule, on plaintiff's request, that plaintiff was entitled to judgment for the full amount claimed by him in his declaration, by reason of the failure of the defendant to prove the amount of the re-assessment on plaintiff's land by competent evidence. As already shown, plaintiff was not entitled to recover at all, unless there was proof of the re-assessment, and he could not ask the benefit of that proof without admitting it for defendant's benefit. The ruling was therefore strictly correct.

The second exception was to the following passage in the finding, viz. : "It is insisted by the plaintiff that there is not sufficient proof to establish the fact that a re-assessment has been made. Admitting that to be so, the plaintiff will be out of court, because there will be no evidence to show that the original assessment had been set aside, in which event the plaintiff cannot recover anything." This proposition was undeniably true and cannot be objected to.

The third exception is to the ruling of the judge that plaintiff was entitled to recover only the sum paid by him to the city, with interest, less the amount of the re-assessment. There was no error in ruling that plaintiff was entitled to recover *only* that amount. The error, if any, was in ruling that he was entitled to recover at all. No exception was taken covering that error, if it existed, and if plaintiff was entitled to such an exception.

The plaintiff could have submitted to a non-suit. By pressing his claim in the manner above described, he has obtained a judgment, which must stand, unless the rulings excepted to were wrong. It seems that they were all literally correct, and that therefore the plaintiff ought not to succeed in overthrowing his own judgment.

Turrell v. City of Elizabeth.

Upon either ground, I think the judgment below ought to be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, DIXON, KNAPP, MAGIE, PARKER, REED, SCUDDER, CLEMENT, COLE, DODD, GREEN, LATHROP.   14.

*For reversal*—None.