STATE, WILLIAM A. ALDRIDGE ET AL., PROSECUTORS, v. THE ESSEX PUBLIC ROAD BOARD.

1. The Essex public road board has the power to purchase lands and to pay damages which arise by an alteration in the grade of an avenue, and assess those peculiarly benefited by the improvement, for such expense.

Aldridge v. Essex Public Road Board.

2. The power to appoint new assessors to make a re-assessment in the place of one set aside is a continuing power, existing until a legal re-assessment is made.

3. That an assessment is made upon a part instead of an entire parcel of land does not invalidate it.

4. The board had the authority to make improvements by opening avenues in the entire county, but were required to assess upon lands in any township only the benefits arising from that part of the avenue within the township; they also had power to purchase the franchise of any turnpike company for the purpose of opening an avenue. *Held,* that where they purchased a turnpike running through several townships for a single price, they could assess upon the lands in any township its proportion of such price.

———

The writ in this case brings up a second re-assessment of benefits upon tracts of land in the township of Montclair, in the county of Essex, alleged to arise from the laying out of a certain avenue by the Essex public road board.

Argued at February Term, 1883, before Justices DEPUE, VAN SYCKEL and REED.

For the prosecutors, *J. L. Blake.*

For the defendants, *J. W. Taylor.*

The opinion of the court was delivered by

REED, J.   The original assessment for benefits resulting from the opening of Bloomfield avenue was vacated by this court at February Term, 1875. A re-assessment was made, which was vacated by this court July 22d, 1878. A third assessment was made and reported, and on account of certain objections made thereto was returned by the board to the assessors for their correction, and the assessors then presented their revised assessment, which is now the matter under review.

The first reason is directed to matters preceding the levying of the assessment and is not an attack upon the method by which the latter was executed. It is too late to raise this objection. *Ropes* v. *Essex Public Road Board,* 11 *Vroom* 64.

The second reason is because the damages assessed included sums not legally assessable.

The first charge under this objection is that in the amoun. assessed was included certain damages to land-owners arising from a change of the grade of the said avenue. The concluding clause of section 3 of the act of 1872, (*Pamph. L., p.* 1269,) confers power upon the board to pay damages to owners of land and other property which may be damaged by reason of the alteration of the grade on any avenue. Nor does it appear that either this or the sum of $250, paid as additional to the estate of W. Little, was gratuitous.

The power granted to the board by the section of the act of 1872 already mentioned, would support a purchase of an additional patch or gore of land, or a contract for the payment of damages to a land-owner injured by an alteration of the grade of the street.

I think, also, that the amount of the judgments entered against the defendants on an appeal from awards for land damaged, was properly included in the amount assessed. It was the cost of taking land arising by reason of adopting the method provided by statute for determining the amount of compensation to which the land-owner was entitled. The cost attending this procedure is as much a part of the cost of taking the land as is the price paid for the land itself.

The third reason asserts that the new assessors were not authorized by law to make this re-assessment.

The contention is that the authority of the court to appoint new assessors rests upon the statute which provides for the vacation of an assessment in part, or only as to the party prosecuting the writ, and that this re-assessment having been vacated as an entirety, the statute confers no power to appoint for a third assessment.

The power to appoint the same or new assessors to make the re-assessment last vacated rested upon the fact that the original assessment was set aside only as to some of the prosecutors, and the view urged is that the power having been once exercised is spent, and the re-assessment having been

entirely vacated, no new authority to appoint arose by reason of its vacation. But I think the power conferred by the act of 1875 is a continuing power.

The original assessment has never been entirely abrogated. It is set aside only as to the prosecutors of the writs originally sued out, and as to the remainder of the levy it still stands. No new assessment is now in existence. The power of the court to put in operation the proceedings again to cause such an assessment to be perfected exists, and will continue to exist until a second legal assessment is made.

The next reason is that the assessors restricted the determination of benefits arising from land taken in Montclair to land situate in the same township. But that is clearly the method prescribed by the supplement of March 17th, 1870, (*Pamph. L., p.* 714,) and this was so decided in the case of *Ropes* v. *Essex Public Road Board,* 11 *Vroom* 64.

The next two reasons are, first, that the assessors erred in re-determining what lands were benefited in Bloomfield and Montclair townships; and, second, in determining that no lands had been benefited except those of the prosecutors, while they erroneously exempted land belonging to other persons.

It is clear from the statute that the re-assessment was to be made in the same manner as the original assessment, excepting that the amount of benefits which they found accruing to a lot-owner whose assessment had not been set aside could not be re-imposed. It is clear from the opinion in the case of *Ropes* v. *Essex Public Road Board, supra,* that the assessors were to exercise an independent judgment, and were in the exact posture they would have occupied had they been appointed to make the original assessment. That they conformed to the statutory requirements appears by the full return of the assessors. And this disposes of the tenth and eleventh reasons, which involve substantially the same objection. If the assessors were to make the assessment in conformity with the requirement of the act, then they were to consider all the lands benefited lying within the several town-

ships, whether those lands had come within the view of former assessors or not as benefited lands. The presumption is that such land-owner escaped an assessment originally with which he should have been assessed, and that he has no reason to complain of an assessment now for benefits which he really received.

Nor is he injured by a failure to assess lands of persons, other lands belonging to whom had originally been assessed and not set aside. The amount which such land should have paid is taken into account in distributing the burdens upon others, and no greater burdens are imposed upon others than would have rested upon them had the benefits upon such exempted lots been made a lien.

It is again urged that assessments were made upon parts of lots, and that the assessments should have been made upon entire parcels of land. It would be better, probably, to place an assessment for a benefit to any part of a parcel of land within one enclosure and held by the same title upon the entire tract. But I see the existence of no legal difficulty nor of any additional burden upon the owner if the lien is restricted to a portion of the lot. So long as the amount of the assessment does not exceed the benefit to the land, it is not conceivable on what ground the owner can complain because a part instead of the whole of his tract is liable to be sold for said amount.

Nor does the fact, if true, that a line was drawn up to which lands were determined to have been benefited and beyond not, in itself invalidate the assessment.

A frontage assessment is not from that fact alone illegal, nor is a line drawn beyond which benefits peculiar to the owners of land are adjudged not to extend, *ipso facto*, invalid. Unless there is testimony showing such a location or condition of the lots assessed as to clearly override the report of the assessors, it will be assumed that the extent of the territory benefited has been correctly circumscribed.

There is nothing in the present case upon which we can ascribe error to the assessors.

Aldridge v. Essex Public Road Board.

There is another objection urged against the assessment which should have been noticed under a reason already stated. I allude to the contention that the assessors purchased the franchise of a turnpike company and the right of property in a turnpike which ran beyond the limits of the township in which the assessment was made. It is contended that while the authority to purchase existed, yet the purchase should have been limited to that portion of the turnpike which was essential to the improvement within the township. While it is true that a part of the turnpike, both within and beyond the limits of the township, was purchased, for an entire price, yet only that proportion of that price which represented the relation which the part of the turnpike within the township bore to the entire part purchased was assessed upon the landowners within the township. The defendants had the right to buy all of the turnpike included within their purchase, but the objection is that they did not buy separately the section within the township. I do not see how the prosecutors can complain, unless it appears that the assessment would have been diminished by a separate purchase. The assessors presumably had in mind in making the assessment that portion of the entire price which they had allowed for the portion of the turnpike within the township at the time of making the purchase. There is nothing to show nor can an inference arise that such portion is greater than the price which could have been paid for the part of the turnpike within the township, had the latter been purchased in sections.

None of the objections not already mentioned are considered of sufficient importance for discussion, and most of them are already settled in this court adversely to the claims of the prosecutors.

The assessments should be affirmed, with costs.