FANNIE L. DINWIDDIE SMITH, EXECUTRIX, v. THE MAYOR AND ALDERMEN OF JERSEY CITY.

The act entitled "An act relating to the refunding by municipal corporations in this state of moneys paid to said corporations by owners of property for assessments for benefits for local improvements in certain cases," passed February 27th, 1877 (*Rev., p.* 1355), created a statutory obligation on the part of such corporations to refund money paid on assessments afterward vacated, in the manner therein prescribed, to which obligation the statute of limitations does not apply.

On error to Hudson Circuit.

For the plaintiff in error, *Wm. R. Barricklo.*

For the defendant in error, *R. S. Hudspeth* and *W. D. Edwards.*

The opinion of the court was delivered by

MAGIE, J. This action was brought by Henry Milford Smith, at whose death the plaintiff in error, his executrix, was substituted as plaintiff.

The declaration contained two special counts.

In the first, it was averred that the municipal authorities of Jersey City, on July 16th, 1872, levied an assessment for a sewer improvement on lands of Smith, amounting to $1,001.46; that Smith, on April 26th, 1873, paid the city the said assessment, with $81.94 interest thereon; that the city, on February 21st, 1878, vacated the assessment, and on May 15th, 1878, imposed a re-assessment for the same improvement on the same lands, which re-assessment was $395.40 less than the amount previously paid. It was further averred, that by reason of the premises, and by force of the statutes in such case made and provided, the city became liable to refund and pay, on request, the amount paid by Smith in excess of the re-assessment, viz., $395.40, with interest, and it was charged that, payment not having been thus made, an action for that amount had accrued.

The second count averred a similar state of facts in respect to another assessment, and charged that an action for $44.85, with interest, had accrued.

It appeared by each count that the vacation of the paid assessment and the re-assessment were both made more than six years before the commencement of the action.

The common counts in assumpsit were added.

The city pleaded to the whole declaration the general issue and the statute of limitations.

A demurrer was interposed to the latter plea, and, being overruled, judgment against the plaintiff was given thereon. This writ of error was then brought, and the reversal of the judgment is sought on the ground that the statute of limitations does not apply to the claims on which the two special counts are founded, and the plea of that statute is therefore no answer to the declaration.

The first question presented by this record is, Whether, upon the facts stated in the special counts, a liability of the city to the plaintiff existed by reason of an implied contract or by reason of the provisions of some legislative act imposing liability.

That one who has paid to a municipal corporation an assessment imposed on his property may, when such assessment has been vacated, recover the amount paid in an action as for money had and received, has been well settled. *Jersey City* v. *Riker*, 9 *Vroom* 225; *Jersey City* v. *O'Callaghan*, 12 *Id.* 349; *Elizabeth* v. *Hill*, 10 *Id.* 555; *Campion* v. *Elizabeth*, 12 *Id.* 355; *Davenport* v. *Elizabeth*, 12 *Id.* 362.

Such an action is founded on an implied contract, to which it is conceded the statute of limitations applies.

But it is contended for the plaintiff in error, that although from the facts stated in the special counts a contract would be implied, yet that by the provisions of a statute an obligation has been imposed on the city upon such facts, which obligation will supersede or take the place of that arising out of the implied contract.

The act entitled "An act relating to the refunding by municipal corporations in this state of moneys paid to said corporations by owners of property for assessments for benefits for local improvements in certain cases," passed February 27th, 1877 (*Rev., p.* 1355), is relied on as creating a statutory liability under the circumstances shown in the counts in question.

The preamble of that act recalls the situation of affairs at the time of its passage, and shows the purposes for which it was passed. Shortly before, an adjudication had been announced under which a vast amount of assessments for municipal improvements was entirely unenforceable. Yet the municipalities which relied on the collection of such assessments to enable them to meet bonds issued for such improvements, were either unable to vacate the invalid assessments, or, if able, could vacate them only at the risk of being compelled to immediately refund all moneys which had been paid thereon. For it had also been held that, on vacation of any assessment, payments made thereon could be recovered.

To relieve the embarrassed municipalities was the evident and avowed intent of the act in question. A like intent is

evinced in the act entitled "A further act in relation to assessments in cities," approved March 7th, 1877. *Rev., p.* 1357. By the latter act, power to vacate assessments and to make new assessments was conferred in broad terms. The scheme of relief of the former act was this, viz.: to stay the collection from the municipalities of any money which had been paid on assessments which had been, or might be, vacated, for a period of time sufficient to enable a valid re-assessment to be made, and to secure the amount of any re-assessment in the hands of the municipality which held the moneys paid on the vacated assessment. To this end, it was enacted that when assessments had been, or might thereafter be, set aside, so that the owners who had paid them could recover from the municipalities, then " the moneys so as aforesaid paid by any owner * * * shall be refunded by said municipal corporation so receiving the same," but it was expressly provided that such refunding should be stayed for a period of two years from the passage of the act, in case of assessments already set aside; and for a like period from the time of vacation, in case of assessments afterwards set aside; and if a re-assessment should be earlier completed, the moneys should become immediately due and payable, and should be applied in settlement of the re-assessment. Moreover, the re-assessments were made legal offsets to claims and actions for the money previously paid.

Reading the whole act, it is evident that the legislature intended, in consideration of the relief afforded the municipalities, to impose on them the absolute duty, independent of contract, to repay moneys paid on assessments afterward vacated —the whole of such moneys, if no re-assessment was made as provided ; but, in case of a re-assessment, the excess, if any, over the amount fixed by the re-assessment.

This legislative intent was well expressed in the language requiring the municipal corporations to refund such moneys, taken in connection with the right given to apply them to the payment of the re-assessment, and to offset the latter against them.

Under the facts stated in the counts in question, I think a statutory obligation, created by the act above mentioned, arose.

Assuming the obligation upon the city under the two special counts to be the creature of statute, there is no further question open to debate, for it is entirely settled in this state, that the statute of limitations does not bar an action thereon in six years, as it would do if the obligation rested on contract. *Cowenhoven* v. *Freeholders*, 15 *Vroom* 232; *McFarlan* v. *Morris Canal and Banking Co.*, 15 *Id.* 472; *Outwater* v. *Passaic*, 22 *Id.* 345; *Lehigh Valley R. R.* v. *McFarlan*, 14 *Id.* 605; *Jersey City* v. *Sackett*, 15 *Id.* 428.

The plea in question was therefore no answer to the special counts, and the demurrer to it ought not to have been overruled. For this reason the judgment should be reversed.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Dixon, Garrison, Magie, Van Syckel, Clement, Cole, McGregor, Smith, Whitaker.  11.