THE MAYOR AND COUNCIL OF THE CITY OF BAYONNE
v. WILLIAM L. MORRIS ET AL.

1. Where a new sewer becomes necessary to furnish a proper outlet for an existing sewer, land assessed for the old sewer may be further assessed for the new one; and if, in levying such further assessment, the assessors regard both sewers as a unit, estimate the value of the benefit afforded by this unit, make due allowance for what had been charged for the old sewer in excess of the benefit derived from it, and levy only the residue, no injustice will be done.

2. Where property-owners assessed for a public improvement in a city have paid the assessment, and afterwards it has been set aside, the city cannot levy upon them another assessment for the same improvement until it has refunded the money paid.

On motion to confirm assessment.

Argued at June Term, 1897, before Justices DIXON, LUDLOW and COLLINS.

For the city, *Thomas F. Noonan, Jr.*, and *Allen Benny*.

For Conrad Muller et al., *De Witt Van Buskirk*.

For the executors of William H. Gunther, *George Putnam Smith*.

The opinion of the court was delivered by

DIXON, J. At the February Term, 1896, commissioners were appointed by this court to make an assessment for benefits resulting from the construction of a sewer from Cottage street through Fifth street and Ingham avenue to the Kill von Kull, in the city of Bayonne, in lieu of a former assessment which the court had set aside. The commissioners having presented their assessment to the court, the city, on due notice to all parties interested, now moves that the same be confirmed.

Several years ago a sewer known as the Cottage and Fifth street sewer was constructed, which emptied its sewage into a

tidal creek opening in the Kills. For this an assessment was levied by the city upon the property drained. After a while the discharge from the sewer created a nuisance around its outlet, and the Court of Chancery, on bill filed by an owner of land in the neighborhood, enjoined the city from permitting the discharge to continue. In consequence of this it became necessary to extend the sewer, and the present sewer was accordingly built to carry the sewage directly into the Kills.

In determining the benefits derived from this new sewer, therefore, two distinct conditions had to be borne in mind— the property drained into the old sewer, which had been rendered almost useless by reason of the injunction of the Court of Chancery, and was now restored to efficiency by the new sewer, and the property not drained into the old sewer, but for which drainage was provided by the new one.

The commissioners whose assessment is before us seem to have dealt with these two conditions equitably.

So far as we have been able to discover the principle of their assessment, it is that, with regard to the first class of property, the old and the new sewers should be deemed a unit, the value of the benefit afforded by this unit should be estimated, and then, after making due allowance for what had been charged upon the property for the old sewer in excess of the benefit received from it, the residue should be levied in the present assessment; with regard to the second class of property, they considered simply the value of efficient sewerage now furnished, and assessed that value.

We cannot suggest any fairer principle.

On behalf of one of the parties objecting to the assessment, it is claimed that, because the new sewer had to be large enough to carry off the output of the old sewer, his property has been charged much in excess of the reasonable cost of constructing a sewer which would have been adequate for his neighborhood. On examining the evidence we think this claim is not sustained. The assessment is far below the cost of the sewer, and of the two engineers testifying as to the

probable cost of a sewer sufficient for that neighborhood, only one figures out a cost equal to the present assessment.

The assessment should be confirmed.

It appears that some of the property-owners paid the former assessment against them before it was set aside, and that the city has not refunded the money, nor have the owners demanded it. We think such payment satisfied the claim which the city could lawfully make upon that property for this improvement, so long as the city retained the money, and that a further encumbrance should not now be sanctioned. It is therefore ordered that the present assessment against the lands so discharged shall be marked satisfied and canceled upon the record, before the assessment is transmitted to the city for collection.