LOUIS LIPMAN, PLAINTIFF, v. JULES ARFIELD, INDI-
VIDUALLY, ETC., DEFENDANT.

Decided July 2, 1943.

For the plaintiff, *Albert B. Melnik.*

For the defendant, *Irving I. Jacobs.*

BURLING, S. C. C.   Motion has been made before me as a
Supreme Court Commissioner for an order to strike the com-
plaint in this cause of action.   The following reasons are
assigned: (1) Complaint is duplicitous and states two causes
of action in one count by alleging in paragraphs 6 and 7 a
false return of process and negligence in failing to serve
process, and (2) the complaint lacks certainty in that it fails

(a) to aver the name of the alleged creditor in paragraph 6 of the complaint, (b) to allege the value of defendant Gunning's property in paragraphs 4 and 5; and (3) that the complaint is so framed as to embarrass and delay a fair trial.

There is merit in points one and three of the reasons upon which this motion rests for support.

At common law, uncertainty in a pleading being one of form, was the subject of attack by special demurrer and by rule 39 of the Supreme Court rules, *N. J. S. A. tit.* 2, remains an objection together with the framing of a pleading which embarrasses a fair trial. Such objections are now met by a motion to strike since the abolition of general demurrers. Rule 41 of this Supreme Court rules.

A constable who makes a false return to process in his hands is liable for any injury resulting, therefrom. The mere fact that the official return is erroneous in some respects does not subject him to liability unless the error is properly attributable to some official misconduct or negligence. 57 *C. J.* 894, *article* 493.

Counsel for both parties have cited a pertinent case, *Astor* v. *Heller* (*Supreme Court,* 1897), 61 *N. J. L.* 78; 38 *Atl. Rep.* 819, as a guide to the disposition of this motion.

Paragraph 7 of the complaint alleges the negligent conduct of the defendant in failing to serve the process *and* the result of the false return to be the gravamen for recovery.

In the complaint in the present cause of action, as a matter of form, there are thus apparently two separate causes of action, with which the defendant is confronted in the same count.

(1) The actionable wrong resulting from the false return. The objection to the first count of the declaration in the cited case does not prevail in this matter, although it does not appear in the present complaint the manner in which such conduct was the proximate cause of the damage sustained by the plaintiff. For instance, if in fact the service could not be made because of the non-residence of the defendant, it would have afforded notice to the plaintiff to protect his rights otherwise by attachment.

And (2) for actionable negligence by reason of official misconduct of the defendant in his failure to make service of the

process upon the assumption that such service could have been made with the exercise of reasonable care. The facts in the present case are silent upon such ability.

Perhaps not by intention but nevertheless, the complaint is duplicitous and alleges incompletely two causes of action in the same count.

The motion to strike the complaint in its present form will be granted with (1) leave to the plaintiff to amend by the deletion of this objection, and maintaining two causes of action (if so desired) in two separate counts, and (2) to provide the manner in which the false return was the proximate cause of injury to the plaintiff, and (3) in the event a count is set forth for actionable negligence, the averments appropriate thereto are to be made.

Further objection as to form of the complaint in that it lacks certainty should not prevail as the subject-matter of this objection may be reached by a demand for particulars.

An appropriate rule may be presented.