88 N.J. Super. 224 (1965)
211 A.2d 801
HENRY KASTENS AND FREDA KASTENS, ET AL., PLAINTIFFS-APPELLANTS,
v.
TOWN OF WEST NEW YORK IN THE COUNTY OF HUDSON, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 21, 1964.
Decided June 24, 1965.
*225 Before Judges GOLDMANN, SULLIVAN and LABRECQUE.
Mr. Nicholas S. Schloeder argued the cause for appellants.
Mr. Max Boxer argued the cause for respondent (Mr. Samuel L. Hirschberg, attorney).
The opinion of the court was delivered by LABRECQUE, J.A.D.
Plaintiffs appeal from a judgment of the Law Division denying them the return of monies paid on account of assessments for local improvements which had been cancelled, pending a reassessment.
On June 2, 1954 the governing body of the Town of West New York adopted an ordinance, pursuant to chapter 261 of the Laws of 1949, N.J.S.A. 40:56-1.1 et seq., providing for the acquisition of certain lands as a local improvement for public parking purposes, and the issuance of bonds to finance the cost thereof. Thereafter, between June 21, 1954 *226 and June 26, 1956, seven additional ordinances were passed, providing for the acquisition of additional lands and appropriating additional monies for the project. The ordinances called for establishment of two public parking areas, designated as the Van Buren and the Madison Parking Lots. They have been completed and are in operation.
Thereafter, a board of special assessors was appointed to consider the amount of the assessments to be levied against properties benefited by the improvement. The assessors filed their report on November 27, 1957 and it was confirmed on December 18, 1957.
Sometime in January 1958 a group of affected property owners filed a complaint in lieu of prerogative writs in the Law Division attacking, on various grounds, the ordinances and the proceedings of the board of assessors. The action was concluded by a consent judgment, dated May 23, 1958, setting aside the assessments, and providing for return of all monies paid thereon without prejudice to the validity of the improvement and bond ordinances described in the complaint.
In October 1958 the board of special assessors again undertook the work of levying new assessments. The resultant product was confirmed on July 29, 1959 at a meeting of the municipal governing body, after due notice and advertisement. On August 28, 1959 a second proceeding in lieu of prerogative writs was instituted by a group of property owners, seeking to invalidate the new assessments. Another action in the nature of an appeal under N.J.S.A. 40:56-54 was instituted by another group. The two proceedings were later consolidated. They challenged both the validity of the ordinances mentioned and the validity and amount of the assessments.
The action came on for trial in the Law Division after denial of defendant municipality's motion for dismissal. Following the trial, and on October 23, 1961, a judgment was entered setting the assessments aside. There was no opinion, and no findings were made (we are told there was no objection by defendant), but a provision in the order for judgment which had called for a refund of all monies paid upon the vacated assessments was deleted by the trial judge. On November *227 1, 1961 plaintiffs appealed from that portion of the interlocutory order denying defendant's motion to dismiss which held certain ordinances under attack by plaintiffs to be valid. Kastens v. Town of West New York, A-126-61. On January 7, 1963 there was an affirmance.
While the appeal was pending before us, plaintiffs filed the present action to compel the return of the monies paid by them on account of the assessments which had been set aside. In denying the refund the court determined that R.S. 40:56-34 applied; that the town was not precluded from making a reassessment, and that it had been justified in awaiting the result of plaintiffs' appeal before undertaking the reassessment. It further directed that the new assessment be completed on or before October 1, 1963. The latter direction was subsequently carried out. The present appeal is from the judgment thus entered.
The principal question presented by the present appeal is whether, upon the setting aside of an assessment for local improvements in a proceeding in lieu of prerogative writs or otherwise, a property owner who has paid the assessment becomes entitled to a return of monies paid on account thereof. A subsidiary question involves the effect of delay in making the new assessment upon the owner's right to a return of the monies paid by him on account of the vacated one.
Plaintiffs first urge that, where an assessment has been set aside as illegal, the property owner is entitled to a return of his money before a new assessment can be made, citing Bayonne v. Morris, 61 N.J.L. 127 (Sup. Ct. 1897), affirmed 62 N.J.L. 385 (E. & A. 1898). We disagree. We find no instance in which Bayonne v. Morris has been accorded the interpretation claimed by plaintiffs. All that it holds is that where money, paid by a landowner in discharge of an assessment which has subsequently been cancelled, was retained by the municipality, it operated to discharge the landowner's liability under a reassessment.
We are in agreement that the situation here presented is controlled by the interpretation to be accorded R.S. 40:56-34. It provides:
*228 "In all cases where any assessments for benefits incident to any improvement shall be set aside by a court of competent jurisdiction and the improvement shall have been actually made in the manner provided by law the officer or board charged with the duty of making assessments for benefits for local improvements, or in case of an assessment made by commissioners specially appointed then by such commissioners, shall make a new assessment of benefits upon the property benefited by the improvement, in the manner and by the proceeding herein provided. All such new assessments shall become a lien upon the property so assessed in the same manner and with like effect and be enforceable in the same way as an original assessment for like improvements.
When any court of competent jurisdiction shall decide that an assessment for a local improvement has been illegally made and no new assessment can be made the municipality shall refund the amount thereof, if the same has been paid, and if a new assessment of a less amount is made then the difference between the new assessment and the amount paid shall be refunded." (Emphasis added)
The earliest precursor of R.S. 40:56-34 was enacted on February 27, 1877 and is contained in the Revision of New Jersey, 1709-1877, pp. 1355-1357 (1877). It was there provided:
"Whereas, large numbers of assessments for local improvements in different cities of this state have been heretofore, and may be hereafter, entirely or partially set aside by the courts of this state having jurisdiction thereof, * * * by reason of defects in the laws under which said assessments were made, or for other cause, or have been illegally made; and whereas, in many instances considerable sums of money have been, and may be hereafter, paid by the owners of property assessed for said improvements to the proper receiving officers of said cities, which sums of money said cities may be legally liable to refund to said owners so paying said assessments heretofore set aside or that may be hereafter set aside as aforesaid, or that may have been illegally made; and whereas, great and unnecessary embarrassment will arise to said cities, and the taxpayers thereof, if said cities are compelled to refund at once to said persons so paying or having paid, as aforesaid, the said monies assessed for said improvements, and it is therefore desirable and proper that said cities should be authorized to delay repayment of said money until such time as re-assessments for benefits for said local improvements may be made, in conformity with existing laws; provided, said re-assessments are made within a reasonable time, and to set off as against such repayment the amount of any such re-assessment made for benefits for said local improvements; therefore,
2. Sec. 1. That in all cases where assessments for benefits for local improvements in the cities of this state have been, or may *229 hereafter be, set aside by the courts of this state, or other competent authority, by reason of defects in the laws under which said assessments were or shall be made, or for other cause, or have been made under the provisions of any law of this state, which provisions have been declared by the courts thereof to be unconstitutional and void, and owners of property assessed for said improvements have paid, or may hereafter pay, to said municipal corporations, the sums of money so assessed against them for benefits for local improvements, or part thereof, the moneys so as aforesaid paid by any owner assessed as aforesaid, who shall now be legally entitled to recover the amount paid as aforesaid, shall be refunded by said municipal corporations so receiving the same; but the refunding and collection of said sums of money paid for assessments for said local improvements, and the further prosecution of any suits now pending to recover such sums of money, shall be stayed and delayed until such time as a re-assessment for benefits for said local improvements shall have been made by commissioners or other persons lawfully appointed and authorized to make the same; provided, however, that interest upon the sums of money so paid as aforesaid for assessments for local improvements set aside or illegally made as aforesaid shall be collected on final settlement from said municipal corporations to the extent and no further that said parties would now be entitled to recover the same up to the time of final adjustment; * * *." (Emphasis added)
In Smith v. Jersey City, 52 N.J.L. 184 (E. & A. 1889), the court had occasion to refer to the 1877 statute. There the vacation of an assessment had been followed by a reassessment in a lesser amount. To a suit by a property owner for the difference, the city raised the bar of the statute of limitations. The owner contended that the obligation of the city to refund the money was predicated upon the statute rather than upon an implied contract to return money to which it was not entitled (which carried a six-year limitation). In sustaining this contention, the court held:
"* * * Yet the municipalities which relied on the collection of such assessments to enable them to meet bonds issued for such improvements were either unable to vacate the invalid assessments, or, if able, could vacate them only at the risk of being compelled to immediately refund all moneys which had been paid thereon; for it had also been held that on vacation of any assessment payments made thereon could be recovered.
To relieve the embarrassed municipalities was the evident and avowed intent of the act in question. A like intent is evinced in the act entitled `A further act in relation to assessments in cities,' approved March 7th, 1877. Revision, [p.] 1357. By the latter act, *230 power to vacate assessments and to make new assessments was conferred in broad terms. The scheme of relief of the former act was this, viz, to stay the collection from the municipalities of any money which had been paid on assessments which had been or might be vacated for a period of time sufficient to enable a valid reassessment to be made, and to secure the amount of any reassessment in the hands of the municipality which held the moneys paid on the vacated assessment." (Emphasis added)
See also Turrell v. City of Elizabeth, 43 N.J.L. 272, 273 (E. & A. 1881).
The provisions of the Revision of 1877 hereinabove referred to were carried over into the Compiled Statutes of 1910. 1 C.S., §§ 1080 and 1083, pp. 888, 889. We note, additionally, that the Compiled Statutes of 1910 contained a number of provisions authorizing a reassessment when an assessment for local improvement had been set aside by court action. Thus in C.S., § 500, p. 718, it was provided:
"* * * [W]henever, by the judgment of any court wherein any certiorari has been, is or may be brought, or any assessment made under the provisions of this act has been or is set aside or reversed for irregularity or informality in such assessment, it shall be lawful for the city council to cause a new assessment to be made of so much of the amount of the original assessment as may be set aside, or of the amount thereof still remaining unpaid, to become a lien as of the date of the confirmation of the original assessment and to be proceeded with in all respects in conformity with the provisions of this act and the laws relating thereto (P.L. 1895, p. 626.)"
The immediate ancestor of R.S. 40:56-34 is found in 2 Cum. Supp., 1911-1924, § 136-2047, pp. 2206, 2207. It provided for both the making of a reassessment and the repayment of monies paid under a vacated assessment in the following terms:
"In all cases where any assessments for benefits incident to any improvement shall be set aside by any court of competent jurisdiction, and such improvement shall have been actually made in the manner provided by law, it shall be the duty of the officer or board charged with the duty of making assessments for benefits for local improvements to make a new assessment of benefits upon the property benefited by said improvement, in the manner and by the proceeding herein provided; all such new assessments shall become a lien upon the property so assessed in the same manner and with like effect, and *231 shall be enforceable in the same way as in case of an original assessment for like improvements.
Where any court of competent jurisdiction shall decide that an assessment for a local improvement has been illegally made, and in case no new assessment can be made, the municipality shall refund the amount thereof, if the same has been paid; and in case a new assessment of a less amount is made, then the difference between the new assessment and the amount paid shall be refunded (L. 1917, c. 152, p. 394)"
We note but a slight variation between the provisions contained in the Home Rule Act, L. 1917, c. 152, p. 394, as set forth in the 1924 Cumulative Supplement and the provisions of R.S. 40:56-34. Thus the words "and in case no new assessment can be made" in the former have been made to read "and no new assessment can be made," and the commas punctuating the former have been eliminated. We incline to the view that in so doing the Legislature intended to place upon the court passing upon the validity and amount of the assessment, the duty of determining whether a new assessment could be made against the property owner whose assessment was the subject matter of the suit.
From our consideration of the foregoing, we are in accord that the trial judge correctly held that under a proper interpretation of R.S. 40:56-34, in the factual situation presented, the plaintiffs were not entitled to a refund. Where an assessment for benefits incident to a local improvement is set aside, but the improvement has actually been made in the manner provided by law, it becomes the duty of the officer or board charged with the obligation of making assessments for benefits to make a new assessment upon the properties benefited by the improvement. If the new assessment is in a sum less than the amount theretofore paid, the difference is to be refunded to the owner. Where, on the other hand, the court determines that no new assessment can be made, the full amount is to be refunded.
Here, we construe the deletion from the order for judgment of October 23, 1961 of the proposed provision directing a refund as a negation of plaintiffs' contention that the municipality was precluded from making a new assessment. This *232 conclusion finds support in our disposition of the prior appeal referred to above. We are also mindful of the novelty and difficulty of the task which the board of assessors was here called upon to perform in assessing for benefits flowing from the establishment of public parking lots under the Van Alstyne Act, N.J.S.A. 40:56-1.1 et seq.
We see no merit to the plaintiffs' contention that a further reassessment was not authorized by the statute because of the fact that the assessment set aside was a second one involving the same improvement. R.S. 40:56-34 comes into play "in all cases where any assessments for benefits" are set aside. It contains no restriction on the number of reassessments. In instances involving assessments such as those sub judice, which are subject to reversal because of the unlawful inclusion of a complaining party in the group benefited by the improvement, as well as the unlawful exclusion of others from such group, it would be especially inequitable to place a restriction upon the performance by the board of assessors of their duty under the statute. Cf. Aldridge v. Essex Public Road Board, 46 N.J.L. 126, 129 (Sup. Ct. 1884), reversed on other grounds 48 N.J.L. 366 (E. & A. 1886).
We turn, finally, to plaintiffs' contention that defendant's delay in making the reassessment entitles them to a refund. As noted, the judgment vacating the previous assessment was dated October 23, 1961. However, plaintiffs' appeal from that portion of the judgment which was adverse to their cause was dated November 1, 1961. A short time thereafter, plaintiffs demanded the return of the amounts paid on account of their vacated assessments. The demand was refused on November 28, 1961 on the ground that a reassessment was to be made. The present action was filed on March 6, 1962. Plaintiffs assert that the intervening period afforded defendant ample time to make a reassessment, had it desired to do so.
We concur with the holding of the trial judge that defendant was justified in delaying proceedings to reassess until termination of the appeal then pending. The appeal involved *233 points which were basic to the assessment, and the decision to delay until they had been determined was a prudent one. However, upon the coming down of the mandate, defendant was obligated to complete the reassessment within a reasonable time and we see no reason to disturb the order of the trial judge directing that it be completed on or before October 1, 1963. In any event, plaintiffs suffered no prejudice from the fixing of such a short date.
We find the remaining points urged to be without merit.
Affirmed. No costs.